UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
    Marmac Development Corp.    )    CASE NO. 08-1223
                                      )    CHAPTER  11
                Debtor                )    JUDGE John Squires

## INTERIM ORDER APPROVING USE OF CASH COLLATERAL

This matter coming on to be heard on the Motion of **Marmac Development Corp.**, Debtor and Debtor-in-Possession (hereinafter "Debtor"), for the authority to use cash collateral; due and proper notice having been give pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and R4001 of the Federal Rules of Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

~~THE PARTIES STIPULATE THAT:~~

1.    This case was commenced on January 21, 2008 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2.    The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by Fifth Third Bank who has a security interest in all the assets of the Debtor by way of a lien duly filed of which the amount of $50,000 still due and owing.

3.    An immediate need exists for the Debtor to use the Pre-petition Collateral, including, but not limited to, the cash collateral outlined above in order to continue its business operations.

4.    The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503(b) and/or §364(a).

5.    Fifth Third is unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C.

§364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

Based upon the foregoing, the Court hereby finds the following:

A. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

B. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HERBY ORDERED AS FOLLOWS:

I. Fifth Third shall be secured by a lien to the same extent, priority and validity as existed prior to the Petition date; that Fifth Third shall receive a security interest in and replacement lien upon all of the Debtor's now existing or hereafter acquired property, real or personal, whether in existence before or after the Petition Date including, without limitation, accounts receivable, inventory, machinery and equipment, and the proceeds and products thereof, to the extent actually used and for the diminution, if any, in the value of Fifth Third's Collateral securing all indebtedness of the Debtor to Fifth Third, which replacement lien shall be the same lien as existed as the pre-petition valid liens of record.

II. The liens granted hereinabove shall be valid, perfected, and enforceable without any further action by the Debtor and/or Secured Party, and need not be separately documented.

III. ~~The provisions of the Order shall~~ be binding upon and inure to the benefit of the Debtor as Debtor-in-Possession, ~~be it under Chapter 7~~ or Chapter 11 of the ~~Bankruptcy Code.~~

IV. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of all collateral, and shall permit on site inspection of such collateral, policies of insurance, and financial statements, including,

but not limited to, monthly operating reports, upon reasonable notice by secured party, during normal business hours.

V. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

VI. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect Fifth Third's secured position or the ultimate collect ability of its claim herein shall be timely mailed to Fifth Third.

VII. In the event the Debtor fails to fully comply with the terms of the Order, and/or in the event that Debtor is deemed "late" with regard to any monthly payment of adequate protection, Fifth Third shall be entitled to a full hearing, on 7 days' notice to Debtor's counsel, the Office of the United States Trustee, and any Committee elected, on stay modification as provided by 11 U.S.C. §362(a).

VIII. The United States Trustee, all secured creditors, and the 20 largest unsecured creditors shall immediately be mailed copies of this Order. If any or all of the provisions of the Order are hereinafter modified or vacation shall not affect the validity of any debt to Secured Party incurred pursuant to this Order.

IX. This Order shall remain in effect until ___2/28___, at 10:00 a.m. at which time a final hearing on the use of cash collateral will take place.

X. Any objections to this Order shall be in writing and shall be served upon the attorney for the Debtor, counsel for Fifth Third, and the Office of the United States Trustee, at the addresses hereinafter referenced:

OFFICE OF THE UNITED STATES TRUSTEE
227 W. Monroe Street, Room 3350
Chicago, Illinois 60606

Attorney for the Debtor
Michael J. Davis
Springer, Brown, Covey Gaertner & Davis
400 S. County Farm Rd., St. 330

Wheaton, IL 60187

    XI.    This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be an Interim Order fully effective upon its entry this Court.

BE IT SO ORDERED
Dated: This _31_ of January, 2008.

ENTERED:

_____
JUDGE

Michael J. Davis (#6197896)
Springer, Brown, Covey Gaertner & Davis
400 S. County Farm Rd., St. 330
Wheaton, IL 60187
630-510-0000

# Monthly Budget
## Cash Collateral Motion
## Marmac Development Corp.
## Case 08-1223

| | |
|---|---:|
| Wages | $ 18,000.00 |
| Payroll Taxes | $ 1,300.00 |
| Taxes Fed & St | $ 50.00 |
| Storage Rental | $ 169.00 |
| Truck Fuel (2 vehicles) | $ 920.00 |
| Truck Repairs (2 vehicles) | $ 100.00 |
| Auto Loan Expense | $ 719.43 |
| Insurance-Auto (2 vehicles) | $ 110.72 |
| Insurance-Business | $ 1,078.00 |
| Accounting Fees | $ 280.00 |
| Office Supplies | $ 40.00 |
| Postage | $ 30.00 |
| Professional Fees | $ 350.00 |
| Telephone-SBC Office | $ 120.00 |
| Telephone-Cellular | $ 125.00 |
| I-Pass (2 vehicles) | $ 20.00 |
| P.O. Box Rental | $ 5.00 |
| Material Supplies | $ 8,000.00 |
| **Total** | $ 31,417.15 |